I respectfully dissent from the majority's opinion in this case. The majority finds that the trial court corrected a clerical mistake, "blunder in execution", pursuant to its authority provided for in Civ.R. 60(A). I disagree with the majority's characterization of the trial court's action as a "clerical error." I believe that when a specific date is not contained in a judgment entry, the date the judgment entry is filed becomes the effective date for the orders contained therein. A clerical error may have been the transposition of the numbers had a date for spousal support been provided for in the judgment entry. However, the trial court apparently forgot to include the effective date of spousal support in the judgment entry. The trial court cannot, four years later, decide to change the date effectively provided for in its original entry. A change in the effective date for spousal support to begin is a substantive change, not the correction of a clerical error. I do not find the intent of the judge to be relevant under the facts of this case. Parties must be able to rely on the plain language of a trial court's judgment entry, not what the judge may have intended. If a judge is permitted to clarify or change his or her intent, four years after a judgment entry is filed, no party to a proceeding will be able to rely on the finality of the judgment it receives from a trial court. The appellee herein, upon reading the judgment entry, was on notice that the trial court did not adopt the magistrate's report and therefore, did not adopt the effective date for spousal support that the magistrate provided for in the report. There was no ambiguity in the judgment entry to clarify or clerical error to correct, the effective date was set by the filing of the judgment entry with the clerk of courts. Appellee's remedy was to appeal the original order of the trial court, within thirty days of its filing, or to move the trial court within a reasonable period of time for clarification on the issue of the effective date of spousal support. For the reasons stated above, I would reverse the decision of the trial court and find the effective date for spousal support is December 14, 1994.